# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAUNTEZ K. ROCKEMORE, | Case No.  1:25-cv-00899-BAM (PC) |
| Plaintiff, | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION |
| v. | |
| SILVA, *et al.*, | FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO STATE A CLAIM |
| Defendants. | |
| | (ECF No. 13) |
| | **FOURTEEN (14) DAY DEADLINE** |

Plaintiff Shauntez K. Rockemore ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  The action was transferred to this Court on July 23, 2025.  (ECF No. 5.)  On March 9, 2026, the Court screened Plaintiff's complaint and granted him leave to amend.  (ECF No. 12.)  Plaintiff's first amended complaint, filed on April 14, 2026, is currently before the Court for screening.  (ECF No. 13.)

## I.      Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary

1

relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II.    Plaintiff's Allegations

Plaintiff is currently housed at Mule Creek State Prison.  The events in the complaint are alleged to have occurred while Plaintiff was housed at California State Prison – Corcoran, Facility Yard-03A.  Plaintiff names Correctional Officer Orlando Rubalcaba as the sole defendant.

Plaintiff alleges that he has filed a prior action against Defendant Rubalcaba and Alberto Vasquez in this Court, Case No. 1:21-cv-01339-GSA (PC).  The parties "concurred a voluntary dismissal of action." (ECF No. 13 at 2-3.)

Plaintiff further alleges that on June 27, 2023, at approximately 0805 hours, he was summoned to the facility program office in regard to a rules violation report ("RVR").  When Plaintiff arrived at the facility 03A Yard Westgate, he took notice that Defendant Rubalcaba was waiting for him.  Plaintiff claims that Defendant Rubalcaba's alleged box transport and utilization of the facility yard Westgate did not serve a legitimate penological interest "seeing that he was not assigned to 03A yard." (ECF No. 13 at 3.)  Moreover, it "categorically contravened the CDCR's Office of Appeals implementation of its remedy against Rubalcaba for his use of

2

inappropriate force on Plaintiff during an escort." (*Id.*)  Given, at the time, Plaintiff was assigned at 03A Yard, Building 5 and "said remedy, in part, obviated Rubalcaba and Plaintiff from being assigned to the same facility yard." (*Id.* at 3-4.)

Plaintiff also claims that Rubalcaba's serious RVR against him did not further a legitimate penological goal since Plaintiff did not utilize language that was disrespectful with the potential for violence.  Plaintiff contends that Rubalcaba's serious RVR against Plaintiff was upended.

Plaintiff asserts that he exercised his right to grieve government officials by petitioning the federal court system and Rubalcaba retaliated "insofar as the CDCR's remedy did not desist him from entering the facility yard 03A to endeavor an adverse act against Plaintiff and his disobedience . .  is reflective of his retaliatory act on June 27, 2023 and . . . is evidenced further by the CDCR Office of Appeals skirting Plaintiff's grievance via addressing it as 'time expired.'" (ECF No. 13 at 4.)

Plaintiff forwards a claim for "malicious prosecution."  He alleges that the prosecution described did not further a legitimate penological goal.  Rather, "the adverse action was taken because constitutional rights secured under the First Amendment was triggered via filing of a grievance prior to petitioning the Federal Government for the resolution of civil dispute against State officials and their adverse action chilled the exercise of constitutional protected speak [sic] even though it was not totally silenced and the dispute remained ongoing."  (ECF No. 13 at 5.)

Plaintiff seeks declaratory relief, along with monetary damages.

**III.    Discussion**

**A.  Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. *Id.*;

3

*see also Twombly*, 550 U.S. at 556–557.

Plaintiff's amended complaint is not a short and plain statement of his claims.  As with his original complaint, the allegations are disjointed and difficult to understand.  Plaintiff's amended complaint does not clearly state what happened and his conclusory statements are not sufficient to state a claim for relief.

### B.      Retaliation

Plaintiff asserts malicious prosecution based on allegations of retaliation under the First Amendment.  Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim.  *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995).  "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005); *accord Watison v. Carter*, 668 F.3d 1108, 1114-15 (9th Cir. 2012); *Silva*, 658 at 1104; *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009).

In order to state a retaliation claim, a plaintiff must plead facts which suggest that retaliation for the exercise of protected conduct was the "substantial" or "motivating" factor behind the defendant's conduct. *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989) (citation omitted). Mere allegations of retaliatory motive or conduct will not suffice, and not every allegedly adverse action will support a retaliation claim. *See Huskey v. City of San Jose*, 204 F.3d 893, 899 (9th Cir. 2000) (retaliation claim cannot rest on "the logical fallacy of *post hoc*, *ergo propter hoc*, literally, 'after this, therefore because of this'") (citation omitted)). In addition, the plaintiff must also plead facts which suggest an absence of legitimate correctional goals for the conduct he contends was retaliatory. *Rizzo*, 778 F.2d at 532.

As to the RVR issued by Defendant Rubalcaba for the incident on June 27, 2023, Plaintiff fails to state a cognizable retaliation claim.  There are no factual allegations demonstrating that

Defendant Rubalcaba took an adverse action against Plaintiff *because of* his protected activity or that the 2021 lawsuit was the substantial or motivating factor for issuance of the 2023 RVR. Plaintiff's supposition or conclusory statements are not sufficient to demonstrate that the RVR was issued because of Plaintiff's protected conduct. Plaintiff also fails to establish that there was an absence of legitimate correctional goals for the RVR issued by Defendant Rubalcaba. As evidenced by the exhibits attached to the amended complaint, Plaintiff was found guilty of the RVR. (ECF No. 13 at 14.)

### C. Grievance Procedure

Although not entirely clear, Plaintiff appears to complain about the grievance process, alleging that Defendant Rubalcaba's retaliation is evidence by the Office of Appeals "skirting Plaintiff's grievance via addressing it as 'time expired.'" (ECF No. 13 at 4.) However, the existence of an inmate grievance or appeals process does not create a protected liberty interest upon which Plaintiff may base a claim that he was denied a particular result or that the process was deficient. *Ramirez v. Galaza,* 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams,* 855 F.2d 639, 640 (9th Cir. 1988).

### IV.    Conclusion and Recommendation

The Court finds that Plaintiff's amended complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim for relief. Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the deficiencies. Further leave to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, the Court HEREBY DIRECTS the Clerk of the Court to randomly assign a district judge to this action.

Further, for the reasons stated above, it is HEREBY RECOMMENDED that this action be dismissed for failure to state a cognizable claim upon which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to

5

Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by document and page number if already in the record before the Court. Any pages filed in excess of the 15-page limit may not be considered.** Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **April 21, 2026**        /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE